IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| TRAVIS W. MUSIC, | ) | CASE NO. 3:18 CV 1563 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Travis W. Music under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits.[2] Because the ALJ's no disability finding lacks the support of substantial evidence, this matter is reversed and remanded for further administrative proceedings consistent with this opinion.

## Issues Presented

This case presents two issues for decision:

- The ALJ gave little, partial, and some weight to various opinions given by treating psychologist Dr. Matthew Ziccardi in three reports over a period of more than two years. Did the ALJ give good reasons for the weight assigned to these opinions and does substantial evidence support the limitations incorporated into the residual functional capacity ("RFC") finding?

---

[1] ECF No. 21. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.

- Does substantial evidence support the finding at Step Five that Music can perform jobs that exist in significant numbers in the national economy?

## Analysis

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[3]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[4] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[5]

---

[3] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).
[4] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[5] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

Music grounds his argument on the ALJ's finding at Step 3 that he has a "marked limitation in concentrating, persisting, or maintaining pace."[6] The ALJ explained:

> Here, the record supports the claimant has worsening cognitive functioning and that his processing speed, memory, and expressive language skills are all reduced. Further, his IQ tests reflected a reduction in processing speed and memory functioning. *Additionally, the claimant testified that he has difficulty with focusing for long periods.* For these reasons, the claimant's ability to function independently, appropriately, effectively, and *on a sustained basis* is seriously limited in this area.[7]

Dr. Ziccardi opined that Music was markedly limited in his ability to maintain attention and concentration for extended periods and to complete a normal workday and workweek without interruptions from psychologically based symptoms.[8] He further opined that Music will be off task 20% or more of the workday because of inability to focus, and his ability to maintain sustained attention will be markedly impacted because of mental fatigue.[9] The ALJ gave these opinions some weight but stated that these limitations are accommodated by the limitations incorporated into the RFC finding.[10] The RFC limitations do not address the durational component of Dr. Ziccardi's opinion – the

---

[6] ECF No. 10, Transcript ("Tr.") at 22.
[7] *Id.*
[8] *Id.* at 514-16.
[9] *Id.* at 516.
[10] *Id.* at 27.

inability to maintain attention and concentration for an extended period of time, resulting in being off task and absent to an unacceptable degree.

As good reasons for discounting Dr. Ziccardi's opinion, the ALJ cites the use of a checkbox form, the failure to explain or support the findings by narrative, and the absence of supportive testing.[11]

First, although the ALJ provided an extensive discussion on Dr. Ziccardi's opinions,[12] the ALJ failed to provide any meaningful explanation of why the opinions regarding off task and absenteeism should receive the weight assigned. This begs the question of whether the ALJ has "built a logical bridge" from the evidence to his findings with respect to the weight assignment.

Music points to the Sixth Circuit's decision in *Ealy v. Commissioner of Social Security*,[13] which held that a limitation to simple, repetitive tasks does not sufficiently account for moderate limitations in concentration, persistence, and pace.[14] Such limitations required speed and pace-based restriction.[15] Since *Ealy*, the Sixth Circuit has clarified that the ALJ's omission of an additional restriction to "two-hour segments over an eight-hour day where speed was not critical" opined by a treating source and adopted by the ALJ from a hypothetical to the vocational expert ("VE") was the "decisive factor that prompted

---

[11] *Id.* at 26-27.
[12] *Id.* at 25-27.
[13] 594 F.3d 504, 516-17 (6th Cir. 2010).
[14] *Id.*
[15] *Id.*

4

remand, as the hypothetical failed to adequately convey the full extent of the claimant's limitations to the VE."[16] As the Southern District of Ohio recently explained:

> *Ealy* stands for a limited, fact-based, ruling in which the claimant's particular moderate limitations required additional speed- and pace-based restrictions . . . *Ealy* does not require further limitations in addition to limiting a claimant to 'simple, repetitive tasks' for every individual found to have moderate difficulties in concentration, persistence, and pace.[17]

Sixth Circuit decisions also emphasize just how narrow the *Ealy* holding is.[18]

Here, the ALJ found *marked* limitations in concentrating, persisting, or maintaining pace.[19] The severity exceeds that in *Ealy*, *Gibbons v. Commissioner of Social Security*, and *Kepke v. Commissioner of Social Security* (all moderate). The ALJ found Music "seriously limited" in this area, citing medical records, test results, and Music's testimony in support of this finding.[20]

The difference in severity alone makes this case even more compelling than the facts presented in *Ealy* and its progeny. "Courts only follow *Ealy* where a claimant's particular limitations require additional limitations that the rest of the RFC fails to capture."[21] That

---

[16] *Ponder v. Comm'r of Soc. Sec.*, No. 3:1701152, 2018 WL 3328088, at *5 (M.D. Tenn. July 6, 2018) (internal citations omitted).
[17] *Randall v. Comm'r of Soc. Sec.*, No. 2:17-cv-785, 2018 WL 2990183, at *7 (S.D. Ohio June 14, 2018) (internal citation omitted)
[18] *See, e.g.*, *Gibbons v. Comm'r of Soc. Sec.*, 659 F. App'x 238 (6th Cir. 2016); *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625 (6th Cir. 2016).
[19] Tr. at 22.
[20] *Id.*
[21] *Randall*, 2018 WL 2990183, at *7.

is the case here, and of heightened significance because of the increased severity of Music's limitation.

The ALJ incorporated pace-based limitations into the RFC, going beyond the "simple, routine, and repetitive" mantra identified as suspect by the Sixth Circuit in *Ealy*. She did not, however, include any durational limitations, despite her findings that Music's capability for concentration and persistence was markedly limited and his ability to function on a sustained basis seriously limited.

This is consistent with the treating source opinion of Dr. Ziccardi.[22] Although the ALJ gave that opinion only some weight,[23] her finding on the marked and seriously limited degree of Music's impairment is consistent with that opinion. Although the Sixth Circuit has commented unfavorably upon opinions given on a check-the-box form,[24] the record contains substantial medical records from Dr. Ziccardi from a treating relationship that extended over two years.

The ALJ failed to build an accurate and logical bridge from the evidence to her findings. The RFC failed to account for all of Music's limitations identified by the ALJ. Remand is required.

## Conclusion

The ALJ's no disability finding lacks substantial evidence. This matter is reversed and remanded for further administrative proceedings consistent with this opinion. On

---

[22] Tr. at 512-16.
[23] *Id.* at 27.
[24] *E.g., Hernandez v. Comm'n of Soc. Sec.*, 644 Fed. Appx. 468, 474-75 (6th Cir. 2016).

remand, the ALJ must properly articulate the reasons for the weight assigned to Dr. Ziccardi's opinions. The ALJ must fashion an RFC that incorporates all of Music's limitations, and any hypotheticals posed to the VE must also account for all of Music's limitations.

IT IS SO ORDERED.

Dated: July 17, 2019

s/ William H. Baughman, Jr.
United States Magistrate Judge